UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA          :

    -v-                               :   INDICTMENT

CONSTANCE G. POST,                :   08 Cr.
    a/k/a "Gerrie Post," and
WAYNE CHARLES,                    :

               Defendants.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORIGINAL

COUNT ONE

(Conspiracy to Commit Mail Fraud)

The Grand Jury charges:

Relevant Persons and Entities

1.  From in or about 1998 through in or about 2005, CONSTANCE G. POST, the defendant, was the Commissioner of the Mount Vernon Department of Planning and Community Development ("MVCPD") and the Executive Director of the Mount Vernon Department of Planning and Urban Renewal Agency ("MVURA"), in Mount Vernon, New York. The MVCPD and the MVURA were departments in the executive branch of the City of Mount Vernon government whose purpose was, among other things, to administer federal funds received from the U.S. Department of Housing and Urban Development ("HUD"), primarily to fund community development and to increase access to affordable housing in areas of low to moderate income. As Commissioner of the MVCPD and the Executive Director of the MVURA, POST'S duties included:

        a.  controlling, disbursing and accounting for funds received from HUD, in accordance with HUD rules, regulations and state and local laws;

  b. creating guidelines for the disbursements of HUD funds, in accordance with HUD rules and regulations and state and local laws;

  c. supervising, directing and controlling all of the departments of MVCPD and MVURA;

  d. proposing and recommending to the Board of the MVURA, the manner in which HUD monies would be spent;

  e. reviewing and authorizing the payment of vendor invoices submitted to MVCPD and MVURA; and,

  f. Assuring that all terms and conditions imposed in favor of the municipality or its inhabitants in any statute, franchise or other contract were faithfully kept and performed.

  2. At all times relevant to this Indictment, the City of Mount Vernon and its citizens had an intangible right to the honest services of their public officials. As a public official for the City of Mount Vernon, CONSTANCE G. POST, the defendant, held positions of public trust and stood in a fiduciary relationship to her public employer and the citizens of Mount Vernon. As a fiduciary and a trustee of the public weal, POST was under a duty to provide honest services by transacting City of Mount Vernon business honestly and openly. Specifically, POST owed the City of Mount Vernon and its citizens a duty to, among other things:

  a. refrain from knowingly committing acts related to her official positions that were unauthorized exercises of her official functions for the purpose of obtaining and receiving money for others;

2

    b. refrain from taking by fraud, misapplying and misappropriating the assets of HUD and her public employers; and

    c. disclose conflicts of interest to HUD and her employer in official matters over which she exercised, and attempted to exercise, official authority and discretion, and recuse herself where she had such conflicts of interest.

  3. As Commissioner and Executive Director, CONSTANCE G. POST, the defendant, received an annual salary, funded substantially by HUD, of between approximately $77,000.00 and $102,000.00 from in or about 1998 through 2005. In addition to this salary POST was given the use of a car, a phone and other benefits.

  4. At all times relevant to this Indictment, WAYNE CHARLES, the defendant, owned investment properties in, and did business with, the City of Mount Vernon through entities he controlled or owned including, among others: Micros Only Computer Concepts, Inc., The Charles Group, and Whatever Real Estate Corporation.

  5. From in or about 1998 through the present, CONSTANCE G. POST and WAYNE CHARLES, the defendants, had a close personal and financial relationship. CHARLES accompanied POST on trips and outings to, among other destinations, China and South Carolina -- and the pair engaged and agreed to engage in financial transactions. From in or about 1998 through in or about 2005, among other things, POST assisted CHARLES in

obtaining HUD funds that POST improperly had disbursed to benefit CHARLES, including: (1) over $1,000,000 in no-bid contracts with the City of Mount Vernon through the MVURA; (2) a loan in the amount of $500,000 from the MVURA, which did not appear on the books and records of the MVURA and which CHARLES was not required to repay; and (3) approximately $40,000 in payments by MVCPD to cover architectural and other related services in connection with renovations of properties owned by or under contract to CHARLES.

6. During the course of their financial and personal relationship, on or about February 26, 2004, WAYNE CHARLES, the defendant, paid CONSTANCE G. POST, the defendant, $30,000.

The Computer Services Contracts to CHARLES

7. From in or about 1998 through in or about 2002, CONSTANCE G. POST, the defendant, steered no-bid computer services contracts, totaling in excess of $1,000,000, from the MVURA, to an entity doing business in the name of MICROS ONLY. Specifically, CHARLES, the defendant, submitted proposals to provide services to Mount Vernon using the name MICROS ONLY, and CONSTANCE G. POST, the defendant, recommended to the MVURA Board that it contract and/or re-contract with MICROS ONLY. MICROS ONLY was a corporation that, at one time, had been in the business of providing computer support services and it was owned by an associate of CHARLES. The Board of the MVURA accepted POST's recommendations and authorized her to enter into contracts with MICROS ONLY.

8. Unbeknownst to the MVURA board, although it authorized contracts with MICROS ONLY and although Mount Vernon made payments pursuant to contracts with MICROS ONLY, MICROS ONLY did not provide services and did not receive the payments. Instead, a company known as Micros Only Computer Concepts, Inc., which was created by CHARLES, provided services to Mount Vernon pursuant to the contracts awarded to MICROS ONLY and received Mount Vernon's payments for those services; it had no prior experience in the computer industry.

9. POST knew that the company doing business with Mount Vernon as "MICROS ONLY" was, in truth and fact, an entity owned, operated and controlled by CHARLES. Together, POST and CHARLES concealed and attempted to conceal from the MVURA and the City of Mount Vernon, CHARLES's relationship to MICROS ONLY and POST's and CHARLES's personal and financial relationship.

<u>The $500,000 Loan to the Charles Group</u>

10. In or about March 1999, funded in part from the proceeds of the MICROS ONLY contracts with Mount Vernon, The Charles Group, a CHARLES entity used to invest in real estate, purchased a residential and commercial investment property located at 3-5 East Third Street, in Mount Vernon, for approximately $220,000.00 (the "Third Street Property").

11. In or about July 1999, CONSTANCE G. POST, the defendant, recommended to the MVURA that it loan The Charles Group over $500,000 to assist in the rehabilitation of the Third

Street Property. By resolution dated October 19, 1999, the MVURA approved POST's proposal and authorized a $500,000 loan, which contained the following conditions and restrictions, among others:

> a. The Charles Group was obligated to make interest payments on the loan beginning the first day of the month following Mount Vernon's first disbursement of loan funds;
>
> b. Upon completion of construction on the Third Street Property, through a designated private funding source, The Charles Group was required to repay $250,000 of the loan to Mount Vernon;
>
> c. The loan was to be used for "materials only."

12. From in or about August 2000 through in or about August 2003, pursuant to the loan agreement, POST directed the MVURA to pay out loan proceeds totaling $500,000.00 to the Charles Group. The loan, however, was not reflected in the books and records of the MVURA. Although obligated to pay interest shortly after Mount Vernon's initial disbursement of money to the Charles Group in August of 2000, CHARLES did not make any interest payments during the period of construction. After construction was completed, pursuant to the terms of the loan agreement, a private funding source repaid $250,000.00 of the loan and CHARLES continued to owe the City of Mount Vernon the remaining $250,000.00 plus interest. CHARLES did not make those payments.

13. In or about 2005, after POST was contacted by federal investigators, the CHARLES loan was first entered into the books and records of MVURA and only then did CHARLES make a series of five payments, totaling approximately $7,400.00 on the loan, beginning on or about September 27, 2005 and ending on or about February 1, 2006. To date, no further payments have been made.

### The Payment of Services to Benefit CHARLES Properties

14. From in or about 1999 through in or about 2002, POST approved the disbursement of approximately $40,000 of HUD money for architectural and other services rendered by third parties in connection with the renovation of the Third Street Property and a parcel of property which was under contract to be purchased by another CHARLES entity, Whatever Real Estate Corporation.

15. POST did not disclose to officials in Mount Vernon or to HUD either her personal or financial relationship with CHARLES.

### Means and Methods of the Conspiracy

16. Among the means and methods used by CONSTANCE G. POST and WAYNE CHARLES, the defendants, and their co-conspirators to achieve the unlawful objects of the conspiracy were the following:

    a. CHARLES submitted or caused to be submitted to the MVURA correspondence and proposals in the name of MICROS

ONLY in order to obtain and retain contracts with the City of Mount Vernon;

        b.    CHARLES submitted or caused to be submitted MICROS ONLY invoices to the City of Mount Vernon that purported to be certified by an officer of MICROS ONLY named "William Brown," and POST approved those invoices and vouchers for payment, when both CHARLES and POST knew that MICROS ONLY was not providing services to the City of Mount Vernon and that no such person was affiliated with the entity that was providing the services;

        c.    POST instructed City of Mount Vernon employees to refer all MICROS ONLY inquiries to her attention;

        d.    POST failed to file annual financial disclosure forms with the Mount Vernon Board of Ethics that she was required by law to file which, had they been filed accurately, would have disclosed her financial relationship with CHARLES;

        e.    POST failed to inform the City of Mount Vernon, HUD and the MVURA that she had both a financial and a personal relationship with CHARLES;

        f.    CHARLES instructed people who knew about his role in performing services under MICROS ONLY contracts to conceal his involvement from Mount Vernon employees, by among other means, not mentioning his name;

g. CHARLES caused the proceeds paid by the City of Mount Vernon pursuant to the MICROS ONLY contracts to be deposited primarily into his bank account in the name of Micros Only Computer Concepts, Inc., and then to be either cashed or disbursed between and among his multiple bank accounts thereby obscuring the true recipient of the money;

h. POST recommended to the MVURA that it loan $500,000 to the Charles Group in connection with renovations to The Third Street Property and then, in violation of the terms of the loan, in violation of her fiduciary duties to Mount Vernon and HUD, POST failed to: (1) enforce the loan provisions; (2) collect payments of either interest payments or principal from CHARLES; or (3) seek a waiver or modification of the loan terms and conditions from the Board of MVURA;

i. POST, annually, falsely certified to HUD that its monies had been disbursed and used in accordance with HUD rules and regulations and state and local laws.

### The Conspiracy

17. From in or about 1998 through in or about 2005, in the Southern District of New York and elsewhere, CONSTANCE G. POST and WAYNE CHARLES, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, mail

fraud in violation of Title 18, United States Code, Sections 1341 and 1346.

### Object of the Conspiracy

18. It was a part and object of the conspiracy that CONSTANCE G. POST and WAYNE CHARLES, the defendants, together with others known and unknown, unlawfully, willfully and knowingly devised and intended to devise a scheme and artifice to defraud, and to deprive the City of Mount Vernon and its citizens of their intangible right to the honest services of CONSTANCE G. POST and to deprive the City of Mount Vernon, its citizens and HUD of money and property, and, for the purpose of executing such scheme and artifice and attempting to do so, would and did place in a post office and authorized depository for mail matter, a matter and thing to be sent and delivered by the Postal Service and would and did deposit and cause to be deposited a matter and thing to be sent and delivered by private and commercial interstate carriers, and would and did take and receive therefrom, such matter and thing, and would and did knowingly cause to be delivered by mail and such carriers according to the directions thereon, such matter and thing, in violation of Title 18, United States Code, Section 1341 and 1346.

(Title 18, United States Code, Section 1349.)

COUNT TWO

(Mail Fraud - Theft of Honest Services and Money and Property)

The Grand Jury further charges:

19. The allegations contained in paragraphs one through seventeen of this Indictment are repeated and realleged as though fully set forth herein.

20. From in or about June 1998 through in or about 2005, in the Southern District of New York and elsewhere, CONSTANCE G. POST and WAYNE CHARLES, the defendants, unlawfully, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and to deprive the City of Mount Vernon and its citizens of their intangible right to the honest services of CONSTANCE G. POST and to deprive the City of Mount Vernon, its citizens and HUD of money and property, and, for the purpose of executing such scheme and artifice and attempting to do so, would and did place in a post office and authorized depository for mail matter, a matter and thing to be sent and delivered by the Postal Service and would and did deposit and cause to be deposited a matter and thing to be sent and delivered by private and commercial interstate carriers, and would and did take and receive therefrom, such matter and thing, and would and did knowingly cause to be delivered by mail and such carriers

according to the directions thereon, such matter and thing, to wit, checks, correspondence, time sheets, proposed contracts, annual budgets and annual HUD certifications.

(Title 18, United States Code, Sections 1341, 1346 and 2.)

## COUNT THREE

(False Statements)

The Grand Jury further charges:

21. On or about March 20, 2006, in the Southern District of New York, in a matter within the jurisdiction of the executive branch of the Government of the United States, WAYNE CHARLES, the defendant, unlawfully, knowingly and willfully falsified, concealed and covered up by trick, scheme and device a material fact and made material false, fictitious and fraudulent statements and representations, to wit, WAYNE CHARLES, the defendant, falsely stated, in substance and in part that: (1) the only business dealings that he had ever had with the City of Mount Vernon involved the receipt of a $500,000 loan for the renovation of the Third Street property and the receipt of Section 8 Housing Assistance Payment agreements at his residential rental properties; (2) he had no financial interest in MICROS ONLY, although he had heard of the company; and (3)

MICROS ONLY was a tenant in his Manhattan building and he knew it to be owned by Blanche and William Brown.

(Title 18, United States Code, Sections 1001 and 2).


_____
GRAND JURY FOREPERSON

_____
MICHAEL J. GARCIA
United States Attorney